Joseph WILLIAMS, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 470,2001, 475,2001.

Supreme Court of Delaware.

Submitted: Jan. 11, 2002.
Decided: Jan. 16, 2002.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for the appellant, Joseph Williams.

Loren C. Meyers, Esquire, Department of Justice, Wilmington, Delaware, for the appellee, State of Delaware.

HOLLAND, Justice:

The appellant Joseph Williams filed these consolidated appeals from his conviction and death sentence for first-degree murder. Williams' lawyer, Bernard J. O'Donnell, has filed a motion to withdraw. The motion also requests that substitute

counsel be appointed by this Court to represent Williams on appeal.

■ O'Donnell asserts that, on appeal, Williams could raise an arguable issue that the Superior Court erred when it concluded it was required to give "great weight" to the jury's 10–2 recommendation in favor of the death penalty for Williams. O'Donnell contends, however, that he may have a conflict in presenting this argument because he has advocated a contrary position on behalf of a different client in another capital murder appeal pending before this Court. In *Garden v. State*, Nos. 125 & 162, 2001, O'Donnell argued in his opening brief that the Superior Court erred when it *failed* to give great weight to the jury's 2–10 vote rejecting the imposition of the death penalty for Garden.

O'Donnell is concerned that his representation of both clients on this issue will create the risk that an unfavorable precedent will be created for one client or the other. O'Donnell also is concerned that it may invite questions about his credibility with this Court and his clients' perception of his loyalty to each of them. The State agrees that O'Donnell has a conflict of interest that disqualifies him from representing Williams in this appeal.

## Positional Conflict

■ The potential conflict identified by O'Donnell is termed a "positional" conflict of interest. It arises when two or more clients have opposing interests in unrelated matters. Positional conflicts of interests are addressed indirectly in Delaware Lawyers' Rules of Professional Conduct Rule 1.7. Rule 1.7(b) provides in part that a "lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibility to another client...." [1] The Comment to Rule 1.7 states that:

> A lawyer may represent parties having antagonistic positions on a legal question that has arisen in different cases, unless representation of either client would be adversely affected. Thus it is ordinarily not improper to assert such positions in cases pending in different trial courts, *but it may be improper to do so in cases pending at the same time in an appellate court.*[2]

The distinction between presenting conflicting positions to different trial courts, as opposed to the same appellate court, "appears to be based on the assumptions that a trial court's legal rulings are of significance only in the instant case, whereas appellate decisions make law of general application." [3] The ABA Standing Committee on Ethics and Professional Responsibility, however, has repudiated the distinction made in the Comment to Rule 1.7 between trial and appellate courts.[4] The Committee stated that in cases pending in different trial courts, and even in different jurisdictions, lawyers must carefully consider whether there is a positional conflict of interest between two or more clients.

■ In determining whether a positional conflict requires a lawyer's disqualification, the question is whether the lawyer can effectively argue both sides of the same legal question without compromising the interests of one client or the other. The lawyer must attempt to strike a bal-

1. DEL. LAWYERS' RULES OF PROF'L CONDUCT R. 1.7(b) (2002).

2. *Id.* cmt. (emphasis added).

3. 1 GEOFFREY C. HAZARD, JR. & W. WILLIAM HODES, THE LAW OF LAWYERING § 1.7:104 (2d ed. Supp.1998).

4. ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 93–377 (1993).

ance between the duty to advocate any viable interpretation of the law for one client's benefit versus the other client's right to insist on counsel's fidelity to their legal position.[5]

Under the circumstances presented in Williams' case, we find that O'Donnell has identified and demonstrated the existence of a disqualifying positional conflict. It would be a violation of the Delaware Rules of Professional Conduct for O'Donnell to advocate conflicting legal positions in two capital murder appeals that are pending simultaneously in this Court. Both the United States Constitution and the Delaware Constitution guarantee each of O'Donnell's clients a right to the effective assistance of counsel in a direct appeal following a capital murder conviction. Given his clients' disparate legal arguments, O'Donnell's independent obligations to his clients may compromise the effectiveness of his assistance as appellate counsel for one or both clients, unless his motion to withdraw is granted.

### Conclusion

Accordingly, O'Donnell's motion to withdraw must be granted and substitute counsel will be appointed. O'Donnell and the State are both commended for their recognition of and adherence to the highest standards of professional conduct.

**5.** Douglas R. Richmond, *Choosing Sides: Issue or Positional Conflicts of Interest*, 51 FLA. L. REV. 383, 386 (1999). *See generally* Peter Margulies, *Multiple Communities or Monolithic Clients: Positional Conflicts of Interest and the Mission of the Legal Services Lawyer*, 67 FORDHAM L. REV. 2339 (1999); Norman W. Spaulding, *The Prophet and the Bureaucrat: Positional Conflicts in Service Pro Bono Publico*, 50 STAN. L. REV. 1395 (1998); John S. Dzienkowski, *Positional Conflicts of Interest*, 71 TEX. L. REV. 457 (1993); Nancy Ribaudo, *Issue Conflicts*, 2 GEO. J. LEGAL ETHICS 115 (1988); *see also* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS, § 128 cmt. f (1998).